IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RYAN GREGORY,**

    Plaintiff,

v.                                                Civil Action No. **3:19CV685**

**SEAN BROWN,**

    Defendant.

## MEMORANDUM OPINION

Ryan Gregory, a federal prisoner proceeding *pro se*, filed this civil action. By Memorandum Opinion and Order entered on January 14, 2020, this Court dismissed the action without prejudice because Gregory neither paid the initial partial filing fee nor averred that he could not pay such a fee.

On February 11, 2020, the Court received from Gregory a Motion for Reconsideration containing argument that the Court construes as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 14). Gregory asserts that he was in transit and did not receive a copy of the Memorandum Order directing him to the pay the initial partial filing fee. Gregory asks the Court to reconsider the dismissal of the action or to reopen the action as a new case.

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v.*

*Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Gregory fails to demonstrate that the Court committed a clear error of law or that reopening his case is necessary to prevent manifest injustice. Nor does Gregory demonstrate any other basis for granting Rule 59(e) relief. *See Williams v. Virginia*, 524 F. App'x 40, 41 (4th Cir. 2013) ("The reconsideration of a judgment after entry is an extraordinary remedy which should be used sparingly." (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998))). Accordingly, Gregory's Rule 59(e) Motion (ECF No. 14) will be DENIED. Nevertheless, because Gregory has clearly expressed his desire to continue to pursue his claims, the Court will DIRECT the Clerk to refile Gregory's Complaint (ECF No. 1) as a new civil action as of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: **MAR 17 2020**
Richmond, Virginia